# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1386

_____

| | | |
|---|---|---|
| Rosemary Arthur, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Hartford Life and Accident Insurance | * | |
| Company, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: September 25, 2001
Filed:   September 28, 2001

_____

Before WOLLMAN, Chief Judge, BOWMAN, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Rosemary Arthur appeals the District Court's[1] adverse grant of summary judgment in her denial-of-benefits action brought under the Employment Retirement Income Security Act (ERISA).  Having conducted de novo review, we affirm.  See Delta Family-Care Disability and Survivorship Plan v. Marshall, 258 F.3d 834, 840-41 (8th Cir. 2001) (standard of review).

_____

[1]The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

Arthur, a former respiratory care therapist, had long-term disability benefits through her employer under a group benefits plan (Plan) administered by Hartford Life and Accident Insurance Company (Hartford). The Plan defined "disability" as the inability to do the material and substantial duties of the employee's occupation for the "elimination period" (the first six months of any disability period) and for the following twelve months, and thereafter, the inability to perform any work for which the employee was or could become qualified. Arthur applied for benefits claiming disability since November 1996, primarily from headaches and back pain resulting from a May 1992 car accident. After Hartford denied benefits initially and on appeal, Arthur filed the instant lawsuit.

We agree with the District Court that Arthur's reliance on the opinions of two treating physicians is misplaced. The opinions are conclusory and inconsistent with records reflecting that she responded well to certain treatments. Further, another treating doctor opined that her physical symptoms did not match the physician's objective findings, and it is undisputed that Arthur worked with chronic pain from the time of her May 1992 car accident until November 1996. See id. at 842 (holding that treating physicians' opinions do not automatically control, as record must be evaluated as a whole); Schatz v. Mut. of Omaha Ins. Co., 220 F.3d 944, 949 (8th Cir. 2000) (holding that medical evidence was inconsistent or inconclusive where plaintiff had worked with chronic pain for some time and long-time treating physician testified his most recent opinion about her ability to work was based not on new objective findings but on plaintiff's asserted inability to tolerate unrelenting pain).

Although the administrative transcript contains material supporting Arthur's claim for benefits, we find that the denial was reasonable considering, as we must, the quality and quantity of the evidence as a whole. See Delta Family-Care Disability and Survivorship Plan, 258 F.3d at 841 (explaining that a decision to deny benefits need not be only sensible one, as long as reasoned explanation, based on evidence, is offered for outcome); Fletcher-Merrit v. Noram Energy Corp., 250 F.3d 1174, 1180 (8th Cir.

2001) (explaining that an administrator's discretionary decision should not be disturbed even if another reasonable, but different, interpretation could be made).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.